UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
WILLIAM WHITE and YVES R. BAPTISTE,

                      **MEMORANDUM & ORDER**

           Plaintiffs,              18-CV-3518 (DRH)(AKT)

-against-

FIRST FRANKLIN FINANCIAL CORPORATION,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR FFMLT 2006-FF7
MORTGAGE PASS THROUGH CERTIFICATES,
SERIES 2006-FF7, BANK OF AMERICA, SELECT
PORTFOLIO SERVICING, INC. and MORTGAGE
ELECTRONIC REGISTRATION SERVICES, INC.,

           Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**For Plaintiff**
Cophen E. Sears III, Esq.
105 Maxess Road – Suite 124
Melville, New York 11766

**For Defendants Deutsche Bank National Trust Company, Select Portfolio Servicing, Inc. and Mortgage Electronic Registration Services, Inc.:**
McCarter & English LLP
One Canterbury Green
201 Broad Street
Stamford Connecticut 06901
By:    Adam M. Swanson, Esq.

**For Defendants Bank of America and First Franklin Financial Corporation**
Winston & Strawn, LLP
200 Park Avenue
New York, New York 10166-4193

**HURLEY, Senior District Judge:**

Plaintiffs William White ("White") and Yves R. Baptiste ("Baptiste") (collectively "Plaintiffs") commenced this action against First Franklin Financial Corporation ("FFFC"), Bank of America ("BANA")[1], Deutsche Bank National Trust Company (DBNTC"), Select Portfolio Servicing, Inc. ("SPS") and Mortgage Electronic Registration Services, Inc.("MERS") asserting claims for "lack of standing/wrongful foreclosure," breach of contract, breach of fiduciary duty, quiet title, slander of title and a declaratory judgment that title of the real property at issue is vested in "Plaintiff," that "Defendants" have no interest, right to title to the subject property.[2] Presently before the Court are (1) a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (12(b)(5), and 12(b)(6) by FFFC and BANA, and (2) a motion to dismiss pursuant to Rule 12(b)(6) by DBNTC, SPS, and MERS. For the reasons set forth below, both motions are granted.

## BACKGROUND

This action revolves around real property located at 79 Wildwood Drive, Dix Hills, New York (the "Property"). (Complaint ("Comp.") ¶¶ 9, 22.) Before setting forth the allegations of the complaint and in order to give some context to those allegations, something missing from the complaint itself, the Court will set forth certain factual background information, supplied by the defendants and based on documents which, as discussed later in this Memorandum, are appropriately considered by the Court on the instant motions.

---

[1] Plaintiffs have named "Bank of America" as a defendant. BANA has appeared herein on behalf of the named defendant "Bank of America" because the allegations relate to the servicing of White's mortgage loan by BANA and/or its predecessor by merger. (BANA and FF Mem. (DE 20-1) at 6 n.1.
[2] The complaint also contains a cause of action for "unconscionable contract" but that claim has been withdrawn. (*See* Pl.'s Mem. in Opp. at 3.)

I. **The Mortgage Loan and Baptiste's Acquisition of the Collateral Property**

On or about February 22, 2006, White executed a mortgage in favor of MERS, as nominee for First Franklin, a Division of Nat. City Bank of IN, and its successors and assigns (the "Mortgage"), which Mortgage was recorded with the Suffolk County Clerk on March 14, 2006. (Swanson Decl. ¶ 6, Ex. 2.) The Mortgage secures a $839,520.00 acquisition loan ("Mortgage Loan") with a lien against the Property. Baptiste acquired the Property from White by deed dated February 22, 2006 and filed with the Suffolk county Clerk on March 14, 2016. (Swanson Dec. ¶ 7, Ex. 3.)

The Mortgage was assigned from MERS, as nominee for First Franklin, a Division of Nat. City Bank of IN, and its successors and assigns, to defendant FF by assignment of mortgage dated December 8, 2006, and recorded with the Suffolk County Clerk on January 23, 2007. (Swanson Dec. ¶ 8, Ex. 4.) The Mortgage was further assigned from FF to DBNTC, the current owner of the Mortgage Loan, by assignment of mortgage dated December 8, 2006, and recorded with the Suffolk County Clerk on January 23, 2007. BANA and/or one or more of its predecessors serviced the Loan from October 2010 until December 16, 2013 when servicing of the Loan was transferred to SPS. (Lipkin Aff., Ex. E)

II. **DBNTC's Foreclosure Action**

DBNTC commenced a foreclosure action in the New York Supreme Court, County of Suffolk on November 14, 2007 (the "Foreclosure Action"). (Swanson Decl. ¶ 10, Ex. 6.) A Judgment of Foreclosure and Sale was entered in the Foreclosure Action on August 18, 2010. (Swanson Decl. ¶ 11, Ex. 7.) Both White and Baptiste were named as defendants in the Foreclosure Action and both defaulted. White filed a motion for leave to file a late answer, which was denied. (Swanson Decl. ¶¶ 13-14, Exs. 9-10.) Baptiste filed three motions to vacate both her

default and the Judgment of Foreclosure and Sale, all of which were denied. (Swanson Decl. ¶¶ 15-20, Exs. 11-16.) In the Order denying Baptiste's last motion to vacate his default and the Judgment of Foreclosure and Sale, the court (Arthur G. Pitts, J.S.C.) prohibited Baptiste from filing any further motions in the Foreclosure Action without leave of court. (Swanson Decl., Ex. 16.) A sale of the Property was noticed for March 9, 2018 ("Foreclosure Sale"). (Swanson Decl., Ex. 17.)

### III. Baptiste's 2018 Bankruptcy Action

On March 8, 2018, just one day prior to the Foreclosure Sale, Baptiste filed a Chapter 13 Bankruptcy Petition in the United Stated Bankruptcy Court for the Eastern District of New York ("2018 Bankruptcy"). The 2018 Bankruptcy was the fifth bankruptcy, under Chapter 13, filed by Baptiste, dating back to August 21, 2013. (Swanson Decl. ¶ 22, Ex. 18.) All four prior bankruptcies were dismissed and, as with the 2018 Bankruptcy, each bankruptcy was filed just prior to a scheduled sale in the Foreclosure Action. (Swanson Decl. ¶¶ 21-22, Exs. 17-18.) On June 14, 2018, the United State Bankruptcy Court for the Eastern District of New York (Robert E. Grossman, J.) entered an order dismissing the 2018 Bankruptcy with prejudice and precluding Baptiste from filing any further petitions under Chapter 13 or converting a Chapter 7 to Chapter 13 for one hundred eighty days without the prior consent of the bankruptcy court. (Swanson Decl. ¶ 23, Ex. 19.)

Plaintiffs commenced the instant action in the Supreme Court, Suffolk County on January 30, 2018 (DE 7 at 3). Defendants thereafter removed the action to this Court.

### IV. The Allegations of the Complaint

Preliminarily, the Court is constrained to make several observations. First, although there are two named plaintiffs, the complaint consistently uses the term "Plaintiff" but does not

identify which of the two named plaintiffs that term refers to. Second, the complaint also consistently uses the term "Defendants" but does not distinguish between the five named defendants. Thus, in summarizing the allegations of the complaint the Court will also use the terms "Plaintiff" and "Defendants."

Plaintiff "disputes Defendants' superior colorable claim to legal title and equitable of'" real property located at 79 Wildwood Drive, Dix Hills, New York (the "Property"). (Comp. ¶ 9.) The complaint makes various "general" assertions attacking the securitization of the mortgage loan on the Property, DBNTC's standing and ability to foreclose, and MERS role as mortgagee of record. For example, it is asserted that: (1) "defendant(s) unlawfully purported to assign, transfer or convey its interest in Plaintiff's Note" as it was not negotiated for full value (Comp. ¶ 14); that "MERS cannot transfer the beneficial right to the Tangible Accommodated Note instrument [as] a legitimate "True Sale" of a Tangible Note instrument can only be transferred in the ordinary course of business by proper negotiation for full value, transfer and delivery by operation of all applicable law" (*id*. ¶ 15); Defendants cannot produce any documents "that demonstrate that prior to the closing date, the Tangible Note was duly endorsed, transferred and delivered to Defendant(s) in the ordinary course of business" or that the "Deed of Trust" was duly assigned, transferred and delivered to Defendant(s)" *id*. ¶ 16); "that any documents i.e. MERS Assignment of Deed of Trust that purport to transfer a hypothecated beneficial interest over the Payment Intangible underlying collateral of the Tangible Note or Bill of Exchange to Defendant(s) after the Closing Date are void as a matter of law; no security interest in the Real Property was perfected in the name of any of the successor Defendants" (*id*. ¶ 17); that "any assignment of a Deed of Trust without proper transfer in an ordinary course of business of the Tangible Note that it secures is a legal nullity by operation of law" (*id*.); that "Defendant(s) had

no officers or directors and no continuing duties other than to hold assets and to issue the certificates" (*id*.); "Defendants, and each of them, cannot establish possession, show proper receipt, transfer, negotiations, assignment and ownership of the Tangible Note and Deed of Trust, resulting in imperfect security interest and claims . . . [and]¶therefore none of the Defendants have perfected any colorable claim of title or security in the Property" (*id*. ¶ 18). "Plaintiff desires a judicial determination an [sic] declaration of its rights about the Real Property and the corresponding Tangible Note and Deed of Trust. (*Id*. ¶ 19.)

The complaint further alleges MERS lacks the authority under its corporate charter to foreclose a deed of trust, failed to obtain documents authorizing it to assign the Deed of Trust, and that as there was no proper negotiation and physical transfer, the "'true sale' of the Tangible Note is invalid as a fraudulent conveyance, or as an unsecured Tangible Note stripped of the Real Property collateral. (Comp. ¶¶ 24- 32.) It is also alleged that Defendant(s) breached paragraph 23 of the Deed of Trust by failing to satisfy, release and reconvey the security instrument as "Defendant(s) and specifically MERS, their electronics agent, was obligated to satisfy, release and reconvey the beneficial security interest in Plaintiff pledged Deed of Trust upon payment of all sums associated with the release premium to Defendants" and "Defendants were paid in full . . . when it sold and relinquished its interest in [the Property]." (*Id.* ¶¶45-48.) Moreover, "Defendant's [sic] [,] not acting in the best interest of the grantor of the Deed of Trust[,] failed to adhere to their Fiduciary Duties. Defendant(s) was to satisfy, release and reconvey the security instrument showing Plaintiff to maintain clear and marketable title. Because of its [sic] failure to comply with the Mortgage, Defendants caused a cloud on Plaintiffs superior claim to title." (*Id.* ¶ 54.) "The claims of all Defendants are without any legal right whatsoever," and "constitute a cloud on Plaintiff's title." (*Id.* ¶¶56-61.)

# DISCUSSION

## I. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

A case may properly be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). "Under Article III of the Constitution, federal courts are confined to adjudicating actual cases and controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984) (internal quotation marks omitted). In order to satisfy the case or controversy requirement, a plaintiff must establish standing. *See* U.S. CONST. art. III, § 2, cl. 1. Standing requires a plaintiff to "allege personal injury traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen,* 468 U.S. at 751. In addition, the injury must be concrete and particularized, not merely conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

"In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.' " *MacPherson v. State St. Bank & Trust Co.*, 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006) (quoting *Reserve Solutions Inc. v. Vernaglia*, 438 F. Supp. 2d 280, 286 (S.D.N.Y. 2006)), *aff'd*, 273 F. App'x 61 (2d Cir. 2008); *accord Tomaino v. United States*, 2010 WL 1005896, at *1 (E.D.N.Y. Mar. 16, 2010). "In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon, N.A.*, 2015 WL 4101839, * 1 (E.D.N.Y. July 8, 2015) (citing *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

A motion to dismiss based on the *Rooker-Feldman*[1] doctrine addresses subject matter jurisdiction and therefore is considered pursuant to Fed. R. Civ. P. 12(b)(1). *See Redmond v. Bank of New York Mellon, Corp.,* 697 Fed. App'x 23, 24 (2d Cir. 2017) (citing *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

B. **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5)**

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows for dismissal on grounds of insufficient service of process. If a defendant moves to dismiss for failure to serve adequate process under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service. *See Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010), *Hernandez v. Mauzone Home Kosher Products of Queens, Inc.*, 2013 WL 5460196, at *4 (E.D.N.Y. Sept. 30, 2013). "Even if a defendant eventually acquires actual notice of the lawsuit, actual notice alone will not sustain the service ... when there has not been compliance with the prescribed conditions of service." *Bankers Trust Co. of California, N.A. v. Tsoukas*, 303 A.D.2d 343, 344 (N.Y. App. Div. 2d Dept. 2003). "In considering a motion to dismiss pursuant to Rule 12(b)(5) . . . a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.,* 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)).

C. **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action, a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co*., 648 F.3d 98, 104 (2d Cir. 2011)

---

[1] The doctrine evolved from the Supreme Court decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

(internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.' " *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig*., 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated

in the complaint by reference, and to matters of which judicial notice may be taken.'" *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (quoting *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)); *see Weiss v. Village of Sag Harbor*, 762 F. Supp. 560, 567 (E.D.N.Y. 2011) (in deciding a motion to dismiss a court is entitled to consider, inter alia, "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference" and "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint"). A document may be considered on a motion to dismiss where the plaintiff has "reli[ed] on the terms and effect of [the] document in drafting the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (emphasis omitted). Such reliance "is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id.*; *see Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (integral documents may include documents partially quoted in complaint or on which plaintiff relied in drafting complaint). "Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "This generally occurs when the material considered is a 'contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint.' " *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)).

## II. The Positions of the Parties

Defendants DBNTC, SPS, and MERS move to dismiss on the ground that all of plaintiffs' claims are barred by res judicata. In addition, they argue that plaintiffs fail to state a cause of action in any of their claims.

Defendants FFFC and BANA maintain that (1) Baptiste lacks standing to assert the claims in the complaint as she was not a party to either the Note or the Mortgage; (2) the title-based claims, i.e counts one, five and six, fail because they do not claim an interest in the property or the Mortgage and are not attempting to foreclose and (3) plaintiffs do not state cognizable claims for the remaining claims (i.e., three, four and seven).

In opposition, plaintiffs, without citation to relevant caselaw,[3] maintain that "contrary to Defendant's claim that the Plaintiff's [sic] lack standing, the facts clearly indicate the defendants may not have standing to foreclose on the plaintiff's residence." (Pls.' Mem. in Opp. at 4.) In support thereof, they submit a copy of an undated letter from the Register of Deeds of the Commonwealth of Massachusetts, enclosing an April 4, 2016 affidavit stating that "Eileen Gonzales is an alleged robo or surrogate signer," and stating, among other things, that "[i]f you are currently being foreclosed upon, this affidavit may be presented to your attorney, the lender, or the court to show that your chain of title has been corrupted." Sears Declar. Ex. A. According to Plaintiffs, "said evidence standing alone and considered in the light most favorable to the Plaintiffs is enough to dismiss both of the Defendants' motion and serves as overwhelming support for the remaining causes of action in the Plaintiff's case. . . . [T]his document by a Register of Deeds from a neighboring state which clearly indicated the corruption of the chain of

---

[3] The only cases cited in Plaintiffs' memorandum relate to the standard for a motion to dismiss and in fact do not reflect the plausibility standard enunciated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

title is substantial evidence that the foreclosure sale is improper and the eventual new owner will not have legal title." (Pls.' Mem. in Opp. at 4-5.) They further argue that the motions are "premature" and should be "denied in [their] entirety until further discovery is completed." (*Id.* at 7.)

**III.     Consideration of Materials Outside the Complaint**

Preliminarily, the Court must determine what materials "outside" the Complaint it may properly consider on the Rule 12(b)(6) motion.

Submitted by Defendants FFFC and BANA are the following documents (1) a copy of an adjustable rate note dated February 22, 2006 signed by White (Lipkin Ex. A); (2) a copy of a mortgage, dated February 22, 2006, on the Property executed by White as borrower in favor of First Franklin a division of Nat. City Bank of IN, as lender, duly recorded with the Clerk of Suffolk County, New York (the "Mortgage") (Lipkin Ex. B); (3) a copy of an assignment of the Mortgage dated December 8, 2006 by MERS, as nominee for First Franklin a division of Nat. City Bank of IN, to FFFC, duly recorded with the Clerk of Suffolk County, New York (Lipkin Ex. C); (4) a copy of an assignment of the Mortgage dated December 8, 2006 FFFC to DBNTC, duly recorded with the Clerk of Suffolk County, New York on January 23, 2007 (Lipkin Ex. D). The Court finds each of these documents are properly considered on the Rule 12(b)(6) motions as they are documents integral to the complaint.

Submitted by Defendants DBNTC, SPS and MERS, in addition to the mortgage and assignments referenced above, are the following documents: (1) a copy of the deed to the Property from White to Baptiste dated February 22, 2006 and recorded on March 14, 2006 (Swanson Declar., Ex. 3); (2) a copy of the summons and complaint filed by DBNTC on November 14, 2007 in an action commenced in Suffolk County Supreme Court under Index No,

0035442/2007 to foreclose the Mortgage ("the Foreclosure Action") (*id.* Ex. 6); (3) a copy of the Judgment of Foreclosure and Sale entered in the Foreclosure Action on August 18, 2010 (*id.* Ex. 7); (4) a copy of the eCourts Motion Detail for the Foreclosure Action (*id*. Ex. 8); (5) a copy of White's motion to extend the time to answer, filed in the Foreclosure Action on March 24, 2009, and the November 2, 2009 Order denying that motion (*id*. Exs. 9 & 10); (6) a copy of Baptiste's first motion to vacate his default and the Judgment of Foreclosure and Sale, filed in the Foreclosure Action on or about March 9, 2015, and the June 23, 2015 Order denying that motion (*id*. Exs. 11 & 12); (7) a copy of Baptiste's second motion to vacate his default and the Judgment of Foreclosure and Sale, filed in the Foreclosure Action on or about August 1, 2016, and the October 19, 2016 Order denying that motion (*id*. Exs. 13 & 14); (8) a copy of Baptiste's third motion to vacate his default and the Judgment of Foreclosure and Sale, filed in the Foreclosure Action on or about April 14, 2017, and the July 18, 2017 Order denying that motion (*id*. Exs. 15 & 16); (9) copies of notices of sale scheduled in the Foreclosure Action from August 2014 to March 2018 (*id*. Ex. 17); and (10) a copy of the motion to dismiss Baptiste's Chapter 13 Bankruptcy petition, filed in the United States Bankruptcy Court for the Eastern District of New York on March 8, 2018, and the June 14, 2018 Order granting that motion (*id*. Exs. 18 & 19). Except for the notices of sale scheduled in the foreclosure action, each of the foregoing documents are properly considered as either integral to the complaint or matters of which judicial notice may be take.

     Last to be considered is the copy of the documents submitted by Plaintiffs: the undated letter from the Register of Deeds of the Commonwealth of Massachusetts, enclosing an April 4, 2016 affidavit stating that "Eileen Gonzales is an alleged robo or surrogate signer," and stating, among other things, that "[i]f you are currently being foreclosed upon, this affidavit may be

presented to your attorney, the lender, or the court to show that your chain of title has been corrupted." Plaintiffs offer no basis for why it is proper to consider these documents on the instant motions or why they were neither referenced nor attached to the complaint. The Court can discern no basis to consider them.[4]

## IV. Plaintiffs' Claims Are Barred By Res Judicata

Res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994); *see also Done v. Wells Fargo Bank, N.A.*, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009) ("All litigants, including pro se plaintiffs, are bound by the principles of res judicata"). As the Second Circuit explained in *Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc.,* 779 F.3d 102 (2d Cir. 2015):

> The term res judicata, which means essentially that the matter in the controversy has already been adjudicated, encompasses two significantly different doctrines: claim preclusion and issue preclusion. Under claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. The doctrine precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not. The doctrine of issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.

*Fequiere v. Tribeca Lending,* 2016 WL 1057000, at *5 (E.D.N.Y. Mar. 11, 2016) (quoting *Marcel,* 779 F.3d at 107 (citations and internal quotation marks omitted)). In sum, under the res judicata doctrine, "'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if [the claims are] based upon

---

[4] The Court notes parenthetically that even if it were to consider these documents, at the very least, the Court's conclusions that Plaintiffs claims are barred by res judicata and that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine would be the same.

different theories'" or asserted against new parties in privity to the parties in the prior litigation. *See Sosa v. JP Morgan Chase Bank,* 33 A.D.3d 609, 611, 822 N.Y.S.2d 122 (2d Dept. 2006) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)); *see Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) ("Under both New York and federal law, the doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (internal quotation marks omitted); *Houdet v. U.S. Tennis Ass'n*, 2014 WL 6804109, at *4 (E.D.N.Y. Dec. 3, 2014) (finding res judicata applies "not just to the parties in a prior litigation but also to those in privity with them" where the "new defendants have a sufficiently close relationship to justify [its] application").

Res judicata applies where: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000) (citation omitted).

Where, as here, a federal court is considering the res judicata effect of a state court judgment, the federal court must afford the state court judgment the same preclusive effect it would have under the law of the state in which it was entered. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 467 (1982).

New York "has adopted a transactional approach to res judicata, barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994) (citing *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185 (1981)). New

York's transactional approach to res judicata "applies to defenses that could have been litigated in a foreclosure action." *Hinds v. Option One Mortg. Corp.*, 2012 WL 6827477, at *5 (E.D.N.Y. Dec. 6, 2012). In other words, "[a] judgment of foreclosure and sale is final as to all questions at issue between the parties and concludes all matters of defense which were or could have been litigated in the foreclosure action." *Ciraldo v. JP Morgan Chase Bank, N.A.,* 140 A.D.3d 912, 34 N.Y.S.3d 113 (2d Dept. 2016); *see also Hourani v. Wells Fargo, N.A.,* 158 F. Supp. 3d 142, 147 (E.D.N.Y. 2016). Furthermore, a judgment by default in a mortgage foreclosure action which has not been vacated is conclusive for res judicata purposes. *Sancar Mgmt. v. OneWest Bank, FSB*, 165 A.D.3d 1306, 84 N.Y.S.3d 794 (2d Dept. 2018); *Tromba v. Eastern Fed'l Sav. Bank, FSB*, 148 A.D.3d 753, 754, 48 N.Y.S.3d 501 (2d Dept. 2017); *83-17 Broadway Corp. v. Debcon Fin. Servs., Inc.* 39 A.D.3d 583, 835 N.Y.S.2d 602, (2d Dept. 2007).

Here, the requirements for res judicata are met. First, the Judgment of Foreclosure and Sale was an adjudication on the merits. Second, the requirement that the previous action involved the party against whom res judicata is invoked or its privy is also met. Both White and Baptiste were named in the Foreclosure Action. Lastly, the crux of the instant action is a challenge to the legitimacy of the Foreclosure Action and the validity of the mortgage and assignments on which it was based; all of plaintiff's claims could have been raised in the Foreclosure Action. Indeed, to find for White and Baptiste would require this Court to overrule the state court's determination that DBNTC was entitled to foreclose on the Property home to satisfy the outstanding loan as well as its holding that White's proposed answer "does not set forth a meritorious defense to [the] foreclosure action." (Swanson Declar., Ex. 10. ) *See, e.g., Ciraldo*, 140 A.D.3d at 913 (holding res judicata barred subsequent action to quiet title as a judgment of foreclosure and sale had been entered).

## IV. *Rooker-Feldman* Precludes the Court from Exercising Jurisdiction Over This Matter

Additionally, although not raised by any of the Defendants, this case is also dismissable for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.[5] The Supreme Court decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), taken together, establish the principle that federal district courts lack subject matter jurisdiction over suits that are, in substance, appeals from state-court judgments. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). The doctrine precludes a federal court from entertaining "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indis. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* also precludes federal district courts from exercising jurisdiction over claims that are "inextricably intertwined" with state court determinations. *Kropelnick v. Siegel,* 290 F.3d 118, 128 (2d Cir. 2002) (internal quotation marks omitted). This doctrine recognizes that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock*, 422 F.3d at 84.

Four elements that must be met for the *Rooker-Feldman* doctrine to divest a court of subject matter jurisdiction:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[ ] of injuries caused by [a] state-court judgment[.]' Third, the plaintiff must 'invit[e] district court review and rejection of [that] judgment[ ].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced'—i.e., Rooker–Feldman has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

---

[5] A court has a responsibility to determine whether subject matter jurisdiction exists. *Richmond v. Int'l Bus. Machs. Corp.*, 919 F. Supp. 107, 108 (E.D.N.Y. 1996), *aff'd,* 841 F.2d 1116 (2d Cir. 1988).

*Hoblock*, 422 F.3d at 85. The first and fourth requirements have been classified as "procedural" whereas the second and third requirements are "substantive." *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 346 (E.D.N.Y. 2010). If all four requirements are met, federal subject matter jurisdiction is barred by *Rooker–Feldman*.

In this case, White and Baptiste lost in the Foreclosure Action. *See Nath v. JPMorgan Chase Bank N.A.*, 2016 WL 5791193, *6 (S.D.N.Y. 2016) (holding that both the judgment in the state court foreclosure action and the denial of a motion to vacate the judgment, both of which occurred prior to the commencement of this action, make plaintiff a state-court loser). Moreover, they are complaining of injuries caused by the state court's Judgment of Foreclosure and Sale and seek to have this Court reject that Judgment as evidenced by their claims for "wrongful foreclosure," "breach of contract, "quiet title," and a declaration that they are the "equitable owners of the Property." "'Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker*-Feldman doctrine.'" *Nath v. Select Portfolio Servicing Inc.*, 2017 WL 782914, *6 (S.D.N.Y. Feb. 28, 2017) (quoting *Webster v. Wells Fargo Bank N.A.*, 2009 WL5178654, *5 (S.D.N.Y. Dec. 23, 2009)). Finally, the Judgment of Foreclosure and Sale was entered in August 2010, more than seven years before the commenced of this action.

As all four *Rooker-Feldman* requirements have been met, this Court lacks jurisdiction over the present controversy.

## V. Failure to State a Claim

Given the Court's determination that the case should be dismissed as barred by res judicata and for lack of subject matter jurisdiction under *Rooker-Feldman*, the undersigned need not address the multitude of cogent Rule 12(b)(6) arguments raised by the defendants. A few

observations are, however, in order. First, Plaintiffs have abandoned all causes of action except the one for "Lack of Standing/Wrongful Foreclosure" by not opposing the motions to dismiss them for failure to state claim. *See, e.g., Jackson v. Fed. Exp.*, 766 F.3d 189 196, (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.) Second, there is no cause of action for wrongful foreclosure or lack of standing under New York law. *See Guido v. Wells Fargo Bank N.A.*, 2017 WL 5515859, at *4 (S.D.N.Y. 2017), *aff'd* 699 F. App'x 54 (2d Cir. 2017); *Karamath v. U.S. Bank N.A.*, 2012 WL 4327613, at * 7 (E.D.N.Y. Aug. 29, 2012). Moreover, as to BANA and FFCC, they do not hold an interest in the Property or mortgage and Plaintiffs do not allege that these two defendants are attempting to foreclose. Finally, plaintiffs do not dispute that First Franklin was never served and therefor the claims against it are also dismissed for lack of personal jurisdiction.

## CONCLUSION

The motions of the defendants to dismiss the complaint is granted in toto. The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated: Central Islip, New York  　　　　　　　　　　 s/ Denis R. Hurley
　　　　April 4, 2019  　　　　　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge